# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16CV756-RJC-DSC

| | |
|---|---|
| ANNE GANNON, | )<br>) |
| Plaintiff, | )<br>) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | )<br>) |
| CHAMPION RESIDENTIAL SERVICES, INC., D/B/A MORRIS JENKINS, | )<br>)<br>)<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's "Motion for Partial Dismissal of … Complaint" (document #9), and the parties' associated briefs and exhibits.[1]

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action for age and gender discrimination. Accepting the facts in the Complaint as true, Plaintiff was discharged by Defendant on July 1, 2014.

---

[1]Plaintiff's "Response" refers to the "notorious House Bill 2" and cites opposition to this legislation by NASCAR, Bruce Springsteen and others. The brief also cites news articles reporting on House Bill 2. Political references such as these do not aid the Court in the decisional process.

1

On September 26, 2016, Plaintiff filed this action in Mecklenburg County Superior Court. The Complaint alleges causes of action for wrongful discharge in violation of North Carolina public policy as set forth in the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C.G.S. § 143-422.2; age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA); and discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII).

On November 1, 2016, Defendant removed the state action to the United States District Court for the Western District of North Carolina alleging federal question jurisdiction. Removal has not been challenged and appears proper.

On January 9, 2017, Defendant filed its "Motion for Partial Dismissal of … Complaint," asserting that Plaintiff's state law wrongful discharge claim is barred by the applicable statute of limitations. Defendant contends that the statute of limitations on Plaintiff's claim expired one year after her discharge on July 1, 2015.

Defendant's Motion has been fully briefed and is now ripe for review.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

2

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

3

Claims for wrongful discharge in violation of North Carolina public policy were previously subject to a three year statute of limitations. Winston v. Livingstone Coll., Inc., 210 N.C. App. 486, 488, 707 S.E.2d 768, 770 (2011).

On March 23, 2016, the North Carolina General Assembly passed House Bill 2, eliminating wrongful discharge claims for employment discrimination based upon the NCEEPA. On July 18, 2016, House Bill 169 was passed to restore those claims. House Bill 169 provided for a one year statute of limitations. See N.C.G.S. § 1-54(12). Defendant argues that the July 18, 2016 amendment to the statute of limitations applies retroactively, thereby barring Plaintiff's wrongful discharge claim.

It is well established that when a statute of limitations is shortened by legislative amendment, a "reasonable time is given for the commencement of an action before the [amended] statute works a bar…. [R]easonable time shall be the balance of the time unexpired according to the law as it stood when the amending act is passed, provided it shall never exceed the time allowed by the new statute." Culbreth v. Downing, 121 N.C. 205, 28 S.E. 294, 294–95 (1897) (where original twenty year limitations period was reduced to three years, plaintiff had three years from amendment to bring suit). See also Carson v. Norfolk & C.R. Co., 128 N.C. 95, 38 S.E. 287, 288 (1901) (same where twenty year limitation period reduced to five years); Reunion Land Co. v. Vill. of Marvin, 129 N.C. App. 249, 251, 497 S.E.2d 446, 448 (1998) (same where nine month limitation period reduced to two months); Spaulding v. R.J. Reynolds Tobacco Co., 93 N.C. App. 770, 773, 379 S.E.2d 49, 51 (1989) (same where three year limitation period reduced to 180 days), aff'd, 326 N.C. 44, 387 S.E.2d 168 (1990). In each case, the plaintiff's suit was due prior to the expiration of the amended time limit calculated from its effective date.

Applying these legal principles, Plaintiff's wrongful discharge claim was timely filed. When the statute of limitations was amended on July 18, 2016, nearly one year remained on the original three year period. Plaintiff filed suit just over two months later on September 26, 2016.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion for Partial Dismissal of … Complaint" (document #9) be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 3, 2017

David S. Cayer
United States Magistrate Judge