**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:16-cv-0756-RJC-DSC**

| | |
|---|---|
| ANNE GANNON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) **CONSENT PROTECTIVE ORDER** |
| CHAMPION RESIDENTIAL SERVICES, INC. d/b/a MORRIS JENKINS, | )<br>)<br>) |
| Defendant. | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon joint Motion by the parties, with the consent of the parties, and it appearing that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary, and it further appearing that good cause exists for the entry of an order limiting the disclosure of such information;

IT IS THEREFORE ORDERED that:

1. "Confidential Information" as used herein means: personnel information of Plaintiff and other current or former employees of Defendant; Plaintiff's personal information, including medical, financial and tax records; and, all proprietary, business, financial or other commercially sensitive information, whether documentary or otherwise, designated as "confidential" and delivered, produced or disclosed by any party in this action, or by a third party, voluntarily or in response to an interrogatory, a request for production of documents, a deposition question, subpoena or otherwise. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of any substantive issues in this case. The parties

agree that confidential designation should not be made on a blanket basis; each party should make a document-by-document good faith determination.

2. All documents produced or information provided or disclosed by any party in discovery in this action or by a third party as identified in paragraph 1 shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Order, provided that the party or third party producing or otherwise disclosing such documents or information designates such documents or information as Confidential Information at the time of production or disclosure or as otherwise provided herein.

3. Confidential Information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or other settlement process, as well as appeals of this action) and shall not be used or employed for any other purpose whatsoever. Confidential Information shall not be disclosed or made available to anyone except:

    a. the Court;

    b. the parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

    c. counsel for the parties to this action and employees or independent contractors of said counsel;

    d. experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

    e. third party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action;

f.  court reporters engaged to record depositions, hearings or trials in this action; and

g.  mediators assigned to this case or selected by agreement of the parties.

4.  Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

a.  Any person described in subparagraphs 3(a), (b), (c), (f) and (g) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

b.  Before Confidential Information is disclosed to any person set forth in subparagraphs 3(d) and (e) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A; and

c.  As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the admissibility of any Confidential Information into evidence in connection with any proceeding in this action.

5.  Any Confidential Information which is filed with the Court shall be filed under seal or redacted pursuant to Local Rule of Civil Procedure 6.1. In the event any Confidential Information is filed with the Court other than via the Court's electronic case filing system, such

Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title in this action, an indication of the nature and contents thereof, the legend "Confidential" and a statement substantially in the following form:

> This envelope is sealed pursuant to an order of the Court and contains confidential information and is not to be opened or the contents thereof to be displayed or revealed by any person other than the Court or the attorneys for the parties except by order of the Court or pursuant to stipulation of the parties to this action.

6. If a party or witness desires to designate any portion of a deposition as Confidential Information, the designating party or witness shall have thirty (30) days after receipt of the transcript to designate portions of the transcript or exhibits thereto as Confidential Information and inform counsel of record in writing of such designation.

7. Nothing in this Order shall prevent the disclosure of Confidential Information beyond the terms of this Order if the party or third party that produced the information consents in advance in writing.

8. This Order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information obtained (i) other than through discovery in this action, or (ii) from any person or entity with authority to provide such documents or information independent of any confidentiality requirement imposed by this Order.

9. If any party hereto disagrees with the designation of any documents or information as Confidential Information, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature. In the event of any such

dispute, the party who designated the documents or information as Confidential Information shall have the burden of proving the confidential nature of such documents or information.

10. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

11. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

12. Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree that counsel for each party shall, not later than thirty (30) days after the termination of this litigation, collect from any experts, consultants or third party witnesses to whom any documents containing Confidential Information were disclosed pursuant to the terms of this Order, any and all documents containing Confidential Information, including without limitation, any copies or excerpts of such documents. Counsel of record for each party shall be permitted to retain in their files a copy of all documents containing information subject to this Order obtained during the course of this litigation; provided, however, the prohibitions against the use or disclosure of Confidential Information as set forth above shall continue to apply to said counsel.

SO ORDERED.

Signed: October 31, 2017

David S. Cayer
United States Magistrate Judge

**CONSENTED TO:**

| Plaintiff | Defendant |
|---|---|
| s/ Joshua R. Van Kampen<br>Joshua R. Van Kampen<br>N.C. Bar No. 32168<br>josh@vankampenlaw.com<br>Kevin Murphy<br>N.C. Bar No. 41467<br>kevin@vankampenlaw.com<br>Sean F. Herrmann<br>N.C. Bar No. 44453<br>sean@vankampenlaw.com<br><br>**VAN KAMPEN LAW, PC**<br>315 East Worthington Avenue<br>Charlotte, North Carolina 28203<br>Telephone: (704) 247-3245<br>Facsimile: (704) 749-2638<br><br>*Attorneys for Plaintiff* | s/ Shalanna L. Pirtle<br>Shalanna L. Pirtle<br>N.C. Bar No. 36996<br>shalannapirtle@parkerpoe.com<br>s/ Stacy K. Wood<br>Stacy K. Wood<br>N.C. Bar No. 21768<br>stacywood@parkerpoe.com<br><br>**PARKER POE ADAMS & BERNSTEIN LLP**<br>Three Wells Fargo Center<br>401 South Tryon Street, Suite 3000<br>Charlotte, North Carolina 28202<br>Telephone: (704) 335-6628<br>Facsimile: (704) 335-4486<br><br>*Attorneys for Defendant* |

EXHIBIT A

CONFIDENTIALITY AGREEMENT

      I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of **Anne Gannon v. Champion Residential Services, Inc. d/b/a Morris Jenkins** and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

      I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written or electronic communications or documents prepared by any person at any time containing information covered by the terms of said Order).

Name: _____

Date: _____